UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ALEMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>N.K.S.P., *et al.*<br><br>    Defendants. | 1:15-cv-01293-LJO-EPG (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>ORDER REQUIRING PELICAN BAY STATE PRISON TO PROVIDE RESPONSE TO THE COURT WITHIN 14 DAYS<br><br>[ECF Nos. 37-39] |

    On February 1, 2017, the Court issued an order setting a mandatory scheduling conference for May 31, 2017. (ECF No. 23). The Court ordered the Plaintiff, Hector Aleman, to appear. The Court held the conference on May 31, 2017. Plaintiff failed to appear for the mandatory conference. Accordingly, the Court ordered Plaintiff to show cause as to why sanctions, up to and including involuntary dismissal, should not be issued for failure to appear for the May 31 mandatory scheduling conference.

    Plaintiff responded to the order to show cause on June 9, 2017. (ECF No. 38.) Plaintiff indicates that he contacted his "Unit Staff" at Pelican Bay State Prison, where Plaintiff is presently incarcerated, regarding the mandatory conference. The Unit Staff then contacted the Sergeant, who contacted Plaintiff's counselor. (*Id*. at 1.) After filing a CDCR 22 request, Plaintiff was informed by Pelican Bay State Prison that the "Litigation Office needs an order from the courts [sic] for any sort of court appearance." (*Id*. at 3.)

    Counsel for Defendants also filed a reply to the order to show cause confirming that "per Pelican Bay State Prison's policy, arrangements will not be made for an inmate to appear

1

telephonically unless the Court orders the Prison to do so or the Attorney General's Office contacts the Prison and makes arrangements for the inmate to appear." (ECF No. 39.)

Accordingly, the Court orders Pelican Bay to respond regarding its alleged refusal to allow Plaintiff to access the Court in compliance with the Court's order. Specifically, the Court wishes Pelican Bay to confirm the facts as represented—that the prison was informed of the Court's order that Plaintiff appear telephonically, yet refused to allow Plaintiff to attend the Court conference. If these facts are true, the Court requests any legal authority allowing the prison to prevent a Plaintiff from attending a Court conference.[1]

Thus, it is hereby ORDERED that:

1. The May 31, 2017 order to show cause is DISCHARGED;
2. Within 14 days, Pelican Bay State Prison is ordered to provide a response to the allegation that it refused to allow Plaintiff to attend a court-ordered telephonic hearing; and
3. The Clerk of the Court is directed to send a copy of this order, as well as ECF No. 23, 38, and 39, to the warden as well as the litigation coordinator at Pelican Bay State Prison.

IT IS SO ORDERED.

Dated: **June 13, 2017**        /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE

---

[1] Under the First and Fourteenth Amendments to the Constitution, state inmates have a "'fundamental constitutional right of access to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817 (1977)); *Phillips v. Hust*, 477 F.3d 1070, 1075 (9th Cir. 2007), *overruled on other grounds by Hust v. Phillips*, 555 U.S. 1150 (2009). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354. "Claims for denial of access to the courts may arise from the frustration or hindrance of 'a litigating opportunity yet to be gained' (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim)." *Garcia v. Mix*, No. 1:10-CV-02097-BAM PC, 2015 WL 1347262, at *8 (E.D. Cal. Mar. 24, 2015) (citing *Christopher v. Harbury*, 536 U.S. 403, 412—15, 122 S.Ct. 2179, 2185—87, 153 L.Ed.2d 413 (2002)).