UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ALEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>C/O K. ACOSTA., et al.,<br><br>    Defendants. | Case No. 1:15-cv-01293-LJO-EPG (PC)<br><br>RULE 16 DISCOVERY ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE |

Hector Aleman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On June 15, 2017, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel Michael Anthony Terhorst telephonically appeared on behalf of Defendant C/O K. Acosta, and counsel Sean W. Lodholz telephonically appeared on behalf of Defendants C/O Veronica Renteria, C/O Benjamin Ledesma, C/O Janel Nuno, C/O Sgt. Jose Fierros, C/O Jesus Montalvo, and C/O E. Garcia.

During the conference, the parties discussed the relevant documents in this case and their possible locations. It appeared that most, if it all, relevant documents had already been disclosed. In an effort to secure the just, speedy, and inexpensive disposition of this action, and after consideration of factors in Rule 26(b)(1) of the Federal Rules of Civil Procedure,[1] and for

---

[1] Federal Rule of Civil Procedure 26 provides that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.

the reasons discussed at the scheduling conference, the Court orders[2] the parties to produce the following documents within their possession custody and control, unless they are aware that the remaining parties already have possession of those documents. To the extent a party objects to production of any documents falling within these categories, such party shall inform the other parties of its objection and serve a privilege log as applicable:

1. Documents regarding the Rules Violation Report and disciplinary proceedings that resulted from events that took place on August 31, 2014;
2. Documents regarding the exhaustion of administrative remedies related to Plaintiff's allegations in his complaint including 602s, responses from the prison, and correspondence with Internal Affairs and the appeals office regarding that grievance process;
3. Documents regarding any internal investigations at the prison including any internal criminal investigation;
4. Documents regarding Plaintiff's medical care for any injuries arising from events dated August 31, 2014;
5. Documents regarding the criminal case stemming from Plaintiff's conduct on August 31, 2014.

IT IS SO ORDERED.

Dated: **June 15, 2017**  /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery.") Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery").