UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ALEMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>C/O K. ACOSTA., *et al*.,<br><br>        Defendants. | Case No. 1:15-cv-01293-LJO-EPG (PC)<br><br>ORDER DENYING DEFENDANTS' OBJECTIONS TO DISCOVERY ORDER<br><br>(ECF Nos. 42, 49) |

       Plaintiff Hector Aleman ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Rentieria, Ledesma, Nuno, Fierros, Montalvo, Acosta, and Garcia ("Defendants") on Plaintiff's failure to protect claim. (ECF No. 15, p. 2.)

       Defendants have filed an objection with this Court contesting portions of the Magistrate Judge's order following the initial scheduling conference that ordered production of certain categories of documents. For the reasons described below, Defendants' objection is overruled.

**I.      PROCEDURAL BACKGROUND**

       On February 1, 2017, the Magistrate Judge issued an order requiring initial disclosures and setting a mandatory scheduling conference. (ECF No. 23.) The order directed the parties to exchange certain categories of information consistent with Rule 26 of Federal Rules of the Civil Procedure prior to the Rule 16 scheduling conference. (*Id*. at 2.) The order further directed the parties to "be prepared to informally discuss the following issues" and included "The location of potentially relevant documents; . . . Discovery each party intends to take, if any, in addition to the discovery ordered above." (*Id*. at 3.) Finally, the order directed the parties to file a scheduling conference statement addressing the issues listed above as well as

1

any other issues that the parties believe would assist in the scheduling of the case. (*Id*.)

On April 21, 2017, Defendants Garcia, Renteria, Nuno, Montalvo, Fierros, and Ledesma filed their scheduling conference statement. (ECF No. 33.) These Defendants indicated that they had complied with the Magistrate Judge's February 1, 2017 order by "providing Plaintiff with the names and available contact information for thirty individuals likely to have discoverable information that Defendants may use to support their claims or defenses." (*Id*. at 2.) Additionally, the Defendants provided Plaintiff with eleven categories of documents that they were intending to use support their claims or defenses. (*Id*.) Plaintiff also filed a scheduling conference statement, which included a list of documents that may be used to support his claims. (ECF No. 35)

The Magistrate Judge held the mandatory Rule 16 scheduling conference on June 15, 2017. Plaintiff appeared *pro se* and Defendants appeared through counsel. (ECF No. 41.) During the conference, the Magistrate Judge discussed the categories of documents based on the parties' initial scheduling reports and asked whether the parties had such documents and whether they had been exchanged. (*See, e.g*., ECF No. 46, pp. 10:18-11:7 ("THE COURT: Mr. Lodholz, do you also have all of the documents and photographs and evidence that relate to the RVR and disciplinary proceedings? MR. LODHOLZ: I believe so, Your Honor.")). The Court then discussed documents that may be obtained in the future within these categories and a provided a procedure for production or raising objections to such production. (*Id*. at 12:23-13:18 ("THE COURT: Okay. Well, I'll, I'll modify that to say that if you obtain other documents related to the criminal case, I am going to order you either to produce them to Mr. Aleman or inform him of any objections that you have so he could litigate. . . . MR. TERHORST: . . . I think if there's something that does come up that's confidential for reasons that we cannot disclose, I'll be happy to put it in a privilege log so that way, at least there's a record of what we have. THE COURT: Yes. Okay. Objection or put in a privilege log. You just need to make it clear that if you've obtained a document and for some reason believe it's not subject to discovery, obviously you need to tell Mr. Aleman that.").

Based on input from the parties, the Magistrate Judge identified certain categories of

documents that the Magistrate Judge found to be "so clearly relevant to the issues here that I want to make sure that they, that they are part of our discovery." (*Id*. at 14.) Each of these categories was discussed on the record and the parties were given an opportunity to object to such categories. Notably, Defendants did not object to any of the categories of documents. Indeed, Defense counsel represented that Defendants had already provided all documents within these categories to the best of their knowledge. The Court also specified that a party could maintain objections based on privilege or confidentiality as to documents falling within those categories so long as those objections were disclosed to the other party. The Court concluded this discussion by explaining:

> So I am going to issue an order that, that confirms, though, that to the extent they have not been exchanged -- but to be clear, it sounds like they have -- that all parties are to produce or confirm that the other side has documents -- and the wording can be in my, more exact in my order -- but it will be trying to get the RVR, the 602 exhaustion, the criminal case, and any internal institutional investigations. But again, it sounds -- and I'm, and I'm happy to hear that -- that the parties already have that. As always, for those documents and for all documents -- I'll reiterate -- if for some reason any party thinks that they don't need to produce it for any reason, they need to notify or if it's for a privilege, they need to give a privilege log.

(*Id*. at 22:6-18).

After the scheduling conference, the Court issued a "Rule 16 discovery order following initial scheduling conference." (ECF No. 42.) As part of that order, the Magistrate Judge listed the same five categories of documents that the parties were to produce (if they had not already produced them) "[i]In an effort to secure the just, speedy, and inexpensive disposition of this action, and after consideration of factors in Rule 26(b)(1) of the Federal Rules of Civil Procedure." (*Id*.) The Magistrate Judge further provided the parties a mechanism to preserve objections to producing confidential information. (*Id*.)

On June 29, 2017, Defendants Fierros, Garcia, Ledesma, Montalvo, Nuno, and Renteria filed the instant Rule 72(a) objections to the Magistrate Judge's June 16, 2017 order. (ECF No. 49.) Specifically, these Defendants object to the Magistrate Judge's authority under Rule 16 to issue the order. (*Id*.)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a), when reviewing a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A); Local Rule 303. Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling " 'only if the district court is left with the definite and firm conviction that a mistake has been made.' " *Computer Economics, Inc. v. Gartner Group, Inc.*., 50 F.Supp.2d 980, 983 (S.D.Cal.1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997)). Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge. *Id*.

## III. DISCUSSION

At the outset it is worth noting that Defendants have no objection to any of the categories of documents covered by the Magistrate Judge's order. On the contrary, it appears that they provided such documents to Plaintiff even prior to the initial scheduling conference. Rather, Defendants object only to the Magistrate Judge's authority to issue a discovery order under these circumstances. Specifically, Defendants argue that the "Magistrate Judge's order is effectively a Request for Production of Documents propounded on the parties by the Court." (ECF No. 49, p. 2.) On this premise, the Defendants proceed to contend that the text of Rule 16 does not permit the Magistrate Judge to participate in discovery by "propound[ing] discovery requests on the parties." (*Id*. at 3.)

The characterization of the Magistrate Judge's June 16, 2017 order as a "request for production" and a desire to "propound discovery" demonstrates a misunderstanding of these proceedings. Rather, the Magistrate Judge asked for the parties to identify categories of discoverable information through scheduling conference reports and initial disclosures and to discuss such documents at the scheduling conference. The parties identified such documents and further discussed discoverable information at the scheduling conference. All categories of documents identified in the Court's order had been discussed on the record based on input from the parties and with an opportunity to be heard. Not only did Defendants not object to any of

the categories of discovery covered by the Court's order, they represented they had already produced all such documents in their initial disclosures to the best of their knowledge. (*Id*. at 21-22, "So the Court's clear, that from our perspective everything's been produced, but we certainly will be vigilant if there's anything else comes up.") Moreover, the Court stated on the record and in its order that parties could raise objections to specific documents going forward.

Nothing prevents the Magistrate Judge from issuing a discovery order based on input from the parties regarding categories of discoverable information and with notice and an opportunity to be heard by all counsel. Indeed, courts are increasingly using informal discovery procedures such as telephonic conferences to address discovery issues. *See, e.g.*, *Engert v. Stanislaus Cty.*, No. 1:13-cv-0126-LJO-BAM, 2014 WL 5217301 (E.D. Cal. Oct. 14, 2014) (resolving discovery disputes during hearing without formal motion); *Thomas-Young v. Sutter Cent. Valley Hosps.*, No. 1:12-cv-01410-AWI-SKO, 2013 WL 30574167, at *1 (E.D. Cal. June 17, 2013) (same); *Honeywell Int'l, Inc. v. Western* Support *Grp.*, No. CV 12-00645-PHX-JAT, 2013 WL 2369919, at *1 n.2 (D. Ariz. May 29, 2013) (same).

It is well established that "[t]he district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (collecting cases). *See also United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly."). Moreover, Federal Rule of Civil Procedure 16 provides that "At any pretrial conference, the court may consider and take appropriate action on the following matters: "(F) controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37;"

Fed. R. Civ. P. 16(c)(2).[1] "The express purposes of Rule 16 include 'expediting disposition of the action' and 'discouraging wasteful pretrial activities.'" *Hamilton v. Hart*, No. 110CV00272DADEPG, 2017 WL 272090, at *3 (E.D. Cal. Jan. 19, 2017) (quoting Fed. R. Civ. P. 16(a)). "Federal Rule of Civil Procedure 16 vests the Court with early control over cases 'toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery.' " *Id.* (quoting *Chire v. New Castle Corp.*, No. 2:14-cv-00383-RFB-NJK, 2014 WL 4803109, at *1 (D. Nev. Sept. 26, 2014)) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment)). Indeed, the Advisory Committee Notes to Rule 26 provides that the Court has the authority to order the exchange of information in managing the action pursuant to its Rule 16 authority. *See* Fed R. Civ. P. 26, Advisory Committee Note, 2000 Amendments (providing that even parties are exempt from initial disclosures, "the court can order exchange of similar information in managing the action under Rule 16").[2]

In conclusion, the Magistrate Judge's authority to enter a pretrial discovery order directing the exchange of certain information between the parties is supported by the Federal Rules of Civil Procedure, Advisory Committee Notes, and caselaw interpreting those rules. The Magistrate Judge's order was based on input from the parties regarding categories of relevant documents, and the parties were given notice and an opportunity to be heard. Accordingly, Defendants' objection is overruled.[3]

---

[1] It is noted that this list is non-exhaustive. *See* Fed. R. Civ. P. 16(c)(2)(P).

[2] Although not binding on this Court, it is worth noting that District Judge Dale A. Drozd recently overruled similar objections also brought by the Attorney General's office on the basis that the parties were given sufficient notice, courts are permitted to "employ informal procedures in resolving discovery disputes, the magistrate judge had legal authority to order a pretrial discovery order "to ensure that the relevant issues to be tried are identified," the Court addressed the parties' objections. *See Hamilton v. Hart*, No. 110CV00272DADEPG, 2017 WL 272090, at *1 (E.D. Cal. Jan. 19, 2017) (rejecting argument the order following discovery conference directing production of information did not follow a formal, noticed motion to compel and finding textual support within Rule 37 for entry of the order).

[3] To the extent that Defendants' objection attacks the authority of a federal magistrate judge to enter such an order, the objection is overruled. The scope of magistrate judge authority is derived from Title 28, United States Code, Section 636. Under that statute, a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain enumerated motions]." 28 U.S.C. § 636(b)(1)(A). The Local Rules of this District designate that: 1) all discovery motions and pretrial scheduling conferences shall be conducted by magistrate judges, Local Rule 302(c)(1), (13), and 2) magistrate judges resolve discovery disagreements, Local Rule 251. Thus, a magistrate judge's authority to enter pretrial discovery orders in this District is coextensive with the overall authority of the district court to enter such an order.

**IV. CONCLUSION**

For these reasons, the June 16, 2017 order is not clearly erroneous or contrary to law and the Defendants' objections (ECF No. 49) are DENIED.

IT IS SO ORDERED.

Dated: **July 6, 2017**          /s/ Lawrence J. O'Neill
                                 UNITED STATES CHIEF DISTRICT JUDGE