UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ALEMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>C/O K. ACOSTA., et al.,<br><br>        Defendants. | Case No. 1:15-cv-01293-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 62) |

Hector Aleman ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding on a failure to protect claim against Defendants Rentieria, Ledesma, Nuno, Fierros, Montalvo, Acosta, and Garcia. (ECF No. 15).

On January 2, 2018, Plaintiff filed a motion to compel. (ECF No. 62). Plaintiff asks the Court to compel Defendants to respond to the following interrogatories:

- Special Interrogatory No. 14: Is having "good observation" a part of your job and training?
- Special Interrogatory No. 6: Is having good observation a part of your job and training.

Defendants object on the basis that the interrogatories are vague and ambiguous. Defendants also object on the basis that the motion to compel was not brought within the period for non-expert discovery, not to mention prior to the Court's scheduled conference to discuss

discovery issues.

On June 16, 2017, the Court entered a Scheduling Order setting inter alia a non-expert discovery cut-off deadline as follows:

> A discovery conference has been set for November 6, 2017... Up until four weeks before the discovery conference, the parties may file a motion to compel further discovery responses. … Unless there is a need for discovery prior to the discovery conference, motions to compel will not be considered until the discovery conference. Motions to compel will not be permitted after the discovery conference absent good cause. The parties should be prepared to address all discovery disputes at the discovery conference.
>
> The deadline for the completion of all non-expert discovery is December 15, 2017. All non-expert discovery must be provided by this date, including discovery compelled following the discovery conference.

(ECF No. 43 at 4-5.)

Pursuant to the Scheduling Order, the Court held a telephonic Discovery and Status Conference on November 6, 2017. (ECF No. 58.) During the conference, the Court discussed discovery issues with the parties. Plaintiff appeared *pro se* for the hearing, and counsel appeared on behalf of the Defendants. Plaintiff informed the Court during the conference that he had no outstanding discovery issues in need of resolution. The non-expert discovery deadline passed on December 15, 2017 without any party requesting an extension of time.

The Court will deny the motion to compel. It agrees with Defendants that the interrogatories are vague and ambiguous regarding what is "good observation."

Additionally, the Court will deny the motion to compel because it was not timely raised with the Court. The Court recognizes that no response was due to his interrogatories at the time of the November 6, 2017 conference. However, this does explain Plaintiff's delay in serving the interrogatories. The Scheduling Order made it clear that "Motions to compel will not be permitted after the discovery conference absent good cause." (*Id.*) Plaintiff has not attempted establish good cause for his failure to timely file a motion to compel.

\\\
\\\

Accordingly, Plaintiff's motion to compel (ECF No. 62) is denied.

IT IS SO ORDERED.

Dated: **January 19, 2018**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE