UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ALEMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>C/O K. ACOSTA, *et al*.,<br><br>        Defendants. | Case No. 1:15-cv-01293-LJO-JDP<br><br>ORDER ON SETTLEMENT CONFERENCE AND RECRUITMENT OF COUNSEL |

The court held a telephonic status conference on August 7, 2018, to discuss the status of the case, the parties' interest in attending a settlement conference, and recruitment of counsel for plaintiff. The status conference lasted approximately twenty minutes.

**I. Status of the case**

The deadline for filing dispositive motions has passed, and the parties informed the court that they were preparing for trial.

**II. Settlement**

The parties have tried to settle this case without a magistrate judge's involvement. Although the parties indicated that they have not made significant progress toward settlement, both expressed willingness to attend a settlement conference before a magistrate judge. The court will schedule a settlement conference. The court will set the date, time, and place of the conference based on the presiding magistrate judge's availability. If any party decides not to attend the settlement conference, the party must promptly inform the court.

1

### III. Recruitment of counsel

The court will attempt to recruit counsel for plaintiff. A pro se litigant has no right to counsel in a civil action, *see Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), and a district court may only request an attorney to represent a pro se litigant who cannot afford an attorney, *see* 28 U.S.C. § 1915(e)(1). To decide whether to recruit counsel, the court considers two factors: (1) whether the pro se litigant has a "likelihood of success on the merits"; and (2) whether the pro se litigant can "articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). Neither factor is dispositive, and the district court must consider both factors cumulatively. *Id*. Weighing the factors is a matter committed to the court's discretion, *see id*., and no bright-line rule dictates how the court should carry out that task.

Here, the court begins with the second factor, which strongly favors recruiting counsel for plaintiff. During the status conference, plaintiff informed the court that he had the approximate educational level of a seventh grader. He also informed the court that he needed to ask other inmates for help to understand the court's orders and instructions and that, even with the other inmates' help, he still struggled to understand them. Plaintiff has no litigation experience, and he explained that he has had difficulty articulating arguments. To assess plaintiff's ability to articulate his claims, the court has considered the way he has represented himself during the status conference, the quality of his court submissions, and the legal complexities of this case. Plaintiff might have the ability to explain what has happened to him despite significant difficulties, and his claims involve legal issues that are not extraordinarily complex. Articulating claims at trial, however, requires a minimal understanding of the Federal Rules of Evidence. Plaintiff's education level, struggle understanding court's orders and instructions, and difficulties articulating his arguments raise serious concerns that plaintiff can introduce evidence and articulate his claims to the jury. Plaintiff's difficulty in litigating this case also raises doubt whether he has had a fair opportunity to engage in discovery.

The court will limit its discussion of the first factor—likelihood of success on the merits—to the bare minimum, as the parties have agreed to attend a settlement conference.

Plaintiff has stated a claim, and, as discussed during the status conference, defendants chose not to move for summary judgment and to prepare for trial. The court infers that the parties have assessed the evidence available to them, and that they have decided that the case involves disputes of fact that require a jury trial. The court finds that plaintiff's claims have some likelihood of success on the merits. Thus, the relevant factors weigh in favor of recruiting counsel for plaintiff, so the court will begin the process of recruiting counsel for plaintiff. Given the court's limited ability to recruit counsel, the court cannot guarantee that it will find counsel for plaintiff either before the settlement conference or before trial, but, if the court finds counsel, the court will notify the parties.

**ORDER**

For these reasons,

1. The court will schedule a settlement conference.
    a. The court will inform the parties of the date, time, and place of the conference in a separate order.
    b. Any party who decides not to attend the settlement conference must promptly notify the court.
2. The court will attempt to recruit counsel for plaintiff.

IT IS SO ORDERED.

Dated: __August 7, 2018__    _____
UNITED STATES MAGISTRATE JUDGE